**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Monik Michelle GRIMES, Defendant—**
**Appellant.**

No. 06–10595.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 17, 2007 *.

Filed Aug. 30, 2007.

Stanley A. Boone, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Eric V. Kersten, FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: PREGERSON, SILER,** and BEA, Circuit Judges.

MEMORANDUM ***

Monik Michelle Grimes appeals from her 27–month sentence for wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2, and for making false and fictitious statements to the FBI, in violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Grimes contends that the district court erred when it imposed a two-level enhancement pursuant to USSG § 3B1.3 for abusing a position of trust. We disagree. Section 3B1.3 of the Guidelines provides for a two-level increase in the offense level if the defendant "abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. "[T]he primary trait that distinguishes a person in a position of trust from one who is not is the extent to which the position provides the freedom to commit a difficult-to-detect wrong." *United States v. Hill*, 915 F.2d 502, 506 (9th Cir.1990); *see also United States v. Oplinger*, 150

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

F.3d 1061, 1069 (9th Cir.1998). Grimes held a position of trust. *See Oplinger,* 150 F.3d at 1069; *Hill,* 915 F.2d at 506.

For the enhancement to apply, the defendant must have exploited the position of trust to facilitate the offense. *See Hill,* 915 F.2d at 507–08 (finding that it was easier for defendant moving truck driver to steal because he was invited into homes to transport the families personal items). The facts of this case are known to the parties, and we do not recite them here. Grimes was in a position of trust.

Thus, the district court properly applied the enhancement under § 3B1.3. *See id.*

**AFFIRMED.**

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.